J-A09007-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHARLES BUSSEY | |
| Appellee | No. 1039 EDA 2013 |

Appeal from the Order March 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002095-2012

BEFORE: BOWES, J., OTT, J., and JENKINS, J.

DISSENTING STATEMENT BY JENKINS, J.:     **FILED SEPTEMBER 16, 2014**

I am constrained to respectfully dissent from the learned majority. I agree with the majority that Appellee failed to establish he had a reasonable expectation of privacy in the vehicle and area searched. I believe, therefore, that, pursuant to **Commonwealth v. Millner**, the trial court should have denied Appellee's suppression motion. 888 A.2d 680, 692-94 (Pa.2005) (finding suppression not proper where defendant had no reasonable expectation of privacy in car, even though search occurred after defendant was unlawfully seized).

The majority finds the facts of **Millner** distinguishable, noting **Millner** did not involve a traffic stop, the defendant was not a passenger in the vehicle, and the police observed the defendant dispose of a weapon inside

the car. Majority Memorandum at 24. I believe, however, that no legal distinction exists. Assuming, *arguendo*, that Appellee Bussey was illegally arrested, then, in both cases, the defendant was illegally arrested before the police located the property at issue in a vehicle in which the defendant failed to establish he had a reasonable expectation of privacy.

The majority maintains this analysis "would authorize police to illegally arrest multiple persons and search a vehicle following a traffic stop because at least one individual would be unable to show an expectation of privacy in the vehicle." Majority Memorandum, at 24. On the contrary, this analysis does not authorize the illegal arrest of multiple persons. It simply requires that an individual – whether legally arrested, illegally arrested, or not arrested at all – have a reasonable expectation of privacy in searched property or premises as a prerequisite to maintaining a successful suppression motion. I believe that, pursuant to *Millner*, the Pennsylvania Supreme Court requires such an analysis.

I, therefore, respectfully dissent.